UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MCLYCHOK, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.: 20-cv-2295-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Compel Arbitration and Dismiss the Action, or, in the Alternative, Motion to Dismiss filed by Defendant Diamond Resorts U.S. Collection Development, LLC. (ECF No. 4).

**I.   BACKGROUND**

    On October 14, 2020, Plaintiff Marilyn McLychok filed a Complaint in the Superior Court for the State of California, County of San Diego, against Defendants Diamond Resorts U.S. Collection Development, LLC ("Diamond Resorts") and Does 1 through 10. (Ex. A to Notice of Removal, ECF No. 1-3). In the Complaint, McLychok alleges that

Diamond Resorts is an international timeshare company headquartered in Las Vegas, Nevada. McLychok alleges that Diamond Resorts sells "membership points" to consumers, which can be redeemed for vacation stays. McLychok alleges that she is a 76-year old widow who needs assistance to walk and "suffers from cognitive decline, particularly as it relates to finances." (*Id.* ¶ 11).

McLychok alleges that Diamond Resorts has been selling membership points to her since 2014. McLychok alleges that her purchases of membership points were "historically modest in size and generally only occurred on an annual basis." (*Id.* ¶ 8). McLychok alleges that beginning in November 2018, "Diamond Resorts ramped up its efforts to target Ms. McLychok and get her to purchase additional points." (*Id.* ¶ 11). McLychok alleges that in the last five years, Diamond Resorts has financed $200,000 in loans to McLychok as a result of her membership points purchases, with $164,862—approximately 84%—of the transactions occurring since November 2018. McLychok alleges that Diamond Resorts took advantage of her age and mental and physical condition and intimidated and coerced her into purchasing a large amount of membership points.

McLychok brings the following claims against Defendants: 1) violation of Nevada Deceptive Trade Practices Act, N.R.S. §§ 598.000, *et seq.*; 2) violation of Nevada Elder Abuse Law, N.R.S. § 41.1395; and 3) violation of Nevada Timeshare Law, N.R.S. §§ 119A.000, *et seq.* McLychok seeks damages, including statutory and punitive damages, attorneys' fees, and costs.

On November 24, 2020, Diamond Resorts removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1). On December 1, 2020, Diamond Resorts filed a Motion to Compel Arbitration and Dismiss the Action, or, in the Alternative, Motion to Dismiss. (ECF No. 4). Diamond Resorts asserts that the Court should compel arbitration of McLychok's claims based on arbitration provisions in the Purchase and Security Agreements for McLychok's three membership points purchases since November 2018. (ECF No. 4 at 2). In the alternative,

Diamond Resorts moves to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

On December 14, 2020, McLychok filed a Limited Opposition to the Motion to Compel Arbitration. (ECF No. 7). McLychok "does not oppose the Motion insofar as it requests an order compelling arbitration." (*Id.* at 1). However, McLychok "opposes the Motion with regard to Diamond's request that Plaintiff's Complaint be *dismissed* [and] [ ] requests the Court to instead *stay* the Complaint pending arbitration[.]" (*Id.*).

On December 28, 2020, Diamond Resorts filed a Reply, asserting that the Court should dismiss rather than stay the action. (ECF No. 8).

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs arbitration provisions in any written contract involving commerce. The FAA provides:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA allows a party to the contract to obtain an order directing that arbitration proceed in the manner provided for in the contract. *See id.* § 4. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).

In deciding a motion to compel arbitration, the court "is limited to determining (1) whether a valid agreement to arbitrate exists [within the contract] and, if it does, (2) whether the agreement encompasses the dispute at issue." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016) (alteration in original) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the response is affirmative

on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron*, 207 F.3d at 1130.

There is an "emphatic federal policy in favor of arbitral dispute resolution," so "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626, 631 (1985) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983)).

## III.  ARBITRATION AGREEMENT

Diamond Resorts contends that the Purchase and Security Agreements entered into by McLychok and Diamond Resorts on November 3, 2018, February 9, 2019, and April 8, 2019, contain valid arbitration provisions that require arbitration of all of McLychok's claims. McLychok "does not oppose the Motion insofar as it requests an order compelling arbitration." (ECF No. 7 at 1).

Diamond Resorts attaches copies of the three Purchase and Security Agreements between the parties since November 2018 to the Motion to Compel Arbitration. The April 8, 2019, Purchase and Security Agreement provides that "[a]ny Claim . . . between [McLychok] and Diamond [Resorts], whether preexisting, present or future, arising from or relating to this Agreement . . . shall, at the election of either party, be arbitrated on an individual basis . . . ." (Ex. C to DeJohnette Decl., ECF No. 4-2 at 26). The Agreement further provides:

> "Claim" shall be broadly construed and includes, without limitation, disputes concerning: purchase, financing, ownership or occupancy; breach, termination, cancellation or default; . . . points or rewards programs; . . . [and] marketing and sales solicitations, representations, advertisements, promotions, or disclosures . . . . "Claim" also includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, Uniform Commercial Code, regulation, ordinance, common law and equity.

(*Id.*). The same provisions appear in the November 3, 2018, and February 9, 2019, Purchase and Security Agreements. (*See* Ex. A to DeJohnette Decl., ECF No. 4-1 at 13-14; Ex. B to DeJohnette Decl., ECF No. 4-2 at 17).

In the Complaint, McLychok brings claims against Diamond Resorts under Nevada state law arising from Diamond Resorts' allegedly predatory sales tactics. McLychok alleges that Diamond Resorts intimidated and coerced McLychok to make large purchases of membership points on November 3, 2018, February 9, 2019, and April 8, 2019. The Court has reviewed the Purchase and Security Agreements and the Complaint and concludes that Diamond Resorts has demonstrated that a valid agreement to arbitrate exists and that it covers the disputes at issue. *See Boardman*, 822 F.3d at 1017. The Motion to Compel Arbitration is granted.

## IV. DISMISSAL OR STAY OF THE ACTION

Diamond Resorts contends that the Court should dismiss this action without prejudice because "all of the claims will be resolved in the arbitration." (ECF No. 8 at 2). McLychok requests that Court stay the action and contends that a stay is required under the FAA.

"If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed." *Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma Inc.*, 560 F.3d 935, 940 (9th Cir. 2009) (citing *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (en banc)). The FAA provides that "the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . ." 9 U.S.C. § 3. However, the court has discretion to dismiss the action where all of the plaintiff's claims are subject to an arbitration agreement. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (explaining that § 3 "gives a court authority, upon application by one of the parties, to grant a stay pending arbitration," but "d[oes] not limit the court's authority to grant a dismissal" when all claims are barred by an arbitration clause).

In this case, the Court has determined that all of McLychok's claims are compelled to arbitration. The Court exercises its discretion and concludes that dismissal of this action without prejudice is appropriate.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Compel Arbitration and Dismiss the Action (ECF No. 4) is granted. The parties are ordered to proceed with Plaintiff's claims via arbitration in accordance with the terms of the parties' agreement.

IT IS FURTHER ORDERED that this action is dismissed without prejudice.

Dated: February 16, 2021

Hon. William Q. Hayes
United States District Court